FILED
August 6, 2024
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WESLEY A. GINDER,<br><br>*Plaintiff,*<br><br>VS.<br><br>ANGIE'S TRANSPORTATION, LLC<br>AND MARK E. WADE,<br><br>*Defendants.* | CIV. ACTION NO. 2:23-CV-00122-Z |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Wesley A. Ginder, files this Amended Complaint against Angie's Transportation, LLC and Mark E. Wade, and for cause of action, will show as follows:

### PARTIES

1. Plaintiff, Wesley A. Ginder, is an individual residing in Pinellas County, Florida.

2. Defendant Angie's Transportation, LLC is a Missouri Limited Liability Company operating commercial motor vehicles under USDOT No. 0002358678. Defendant Angie's Transportation, LLC has answered and appeared in this lawsuit.

3. Defendant Mark E. Wade is a non-resident motorist residing in Casa Grande, Arizona. Defendant Wade has answered and appeared in this lawsuit.

### JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because the Plaintiff is a citizen of the State of Florida, Defendant Angie's Transportation is a citizen of the State of Missouri, and Defendant Wade is a citizen of the State of Arizona; therefore, there is

diversity of citizenship. Furthermore, the amount in controversy exceeds $75,000.00, excluding interests and costs.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, the collision occurred on IH-40 in Carson County, Texas.

## FACTS

6. Defendant Angie's Transportation LLC is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

7. Defendant hired, qualified, and retained Mark E. Wade as a truck driver.

8. Defendant Angie's Transportation, LLC entrusted their tractor-trailer to Defendant Wade on the date of the collision in question.

9. Defendants have always stipulated that, at all times relevant to this lawsuit, Defendant Mark E. Wade was acting in the course and scope of his actual and/or statutory employment with Defendant Angie's Transportation LLC.

10. Defendant Angie's Transportation, LLC is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration.

11. As a motor carrier, the FMCSA and the Department of Transportation regulate Defendant's retention and supervision of its employed drivers.

12. Defendant Angie's Transportation, LLC is required to retain competent drivers and ensure that they are able to safely and legally operate on Texas roadways. Specifically, in exchange for operating authority, Defendant Angie's Transportation, LLC certified that:

    a. it had in place a system for ensuring the overall compliance with the Federal Motor Carrier Safety Regulations ("FMCSR");

    b. it had a place a driver safety training/orientation program;

    c. it had in a system for overseeing driver qualification requirements;

    d. it had in place policies and procedures consistent with FMCSA regulations governing driving and operational safety of motor vehicles, including drivers' hours- of-service and vehicle inspection, repair, and maintenance; and

    e. it had in place a system for complying with the FMCSR governing alcohol and controlled substances testing requirements.

13. Prior to November 13, 2021, Defendant Angie's Transportation, LLC knew that if it broke these promises and failed to implement the safety management systems necessary to ensure compliance with the regulations there would probably be preventable crashes resulting in injury and death.

14. Prior to November 13, 2021, Defendant Angie's Transportation, LLC knew that untrained, unsupervised and unqualified drivers are a hazard to Texas motorists.

15. On or about November 13, 2021, Wesley Ginder was traveling west on IH 40 in Carson County, TX.

16. At about the same time, Mark E. Wade was operating a tractor-trailer on behalf of Angie's Transportation, LLC, traveling west on IH 40 in Carson County, Texas behind Mr. Ginder.

17. Wesley Ginder slowed in obedience to traffic in front of him.

18. Mark E. Wade failed to control his speed and struck the rear of Mr. Ginder's vehicle.

19. As a result of the collision, Plaintiff sustained personal injuries.

## CAUSE OF ACTION

20. Defendant Mark E. Wade was negligent in the operation of the tractor-trailer.

21. Specifically, Defendant Mark E. Wade:

    a. Failed to control speed;

    b. Failed to take appropriate evasive action;

    c. Failed to keep a proper lookout;

    d. Failed to timely apply his brakes;

    e. Failed to keep an assured clear distance;

    f. Such other and further acts and/or omissions as may be shown by the evidence at the time of trial.

22. This conduct, and that described above, constitutes negligence.

23. As a direct and proximate result of this negligence, Plaintiff sustained personal injuries.

24. Defendant Angie's Transportation LLC is vicariously liable for the negligence of Defendant Mark E. Wade under the statutory employment doctrine as well as the doctrine of *respondeat superior*.

25. As a result of this negligence, Plaintiff sustained personal injuries.

26. Each of these acts and omissions constitutes a direct and proximate cause of Plaintiff's injuries and damages and/or aggravation and acceleration of pre-existing conditions, which may have been asymptomatic at the time of the crash.

## DAMAGES

27. Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence:

    a. Medical care, past and future;

  b. Lost wages and earning capacity, past and future;

  c. Physical impairment, past and future;

  d. Physical pain, emotional distress, and mental anguish, past and future; and

  e. Disfigurement, past and future.

28. Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs.

## JURY DEMAND

29. Plaintiff hereby asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

30. For these reasons, Plaintiff prays that citation be issued, Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with pre-judgment interest, post-judgment interest, court costs, and all other relief to which Plaintiff is justly entitled.

  ***************** *Signature on Following Page* *****************

        Respectfully submitted,

        /s/ Natalie M. Arledge
        Natalie M. Arledge
        Texas Bar No. 24073464
        COWEN | RODRIGUEZ | PEACOCK, P.C.
        6243 IH-10 West, Suite 801
        San Antonio, Texas 78201
        Telephone:  (210) 941-1301
        Facsimile:   (210) 880-9461
        E-Mail(s): natalie@cowenlaw.com;
        jesus@cowenlaw.com.
        ATTORNEY FOR PLAINTIFF

OF COUNSEL:

COWEN | RODRIGUEZ | PEACOCK, P.C.
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
Telephone:  (210) 941-1301
Facsimile:   (210) 880-9461
E-Mail for Service:  efilings@cowenlaw.com

## CERTIFICATE OF SERVICE

On August 2, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

        */s/ Natalie M. Arledge*
        Natalie M. Arledge