IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WESLEY A. GINDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-cv-122-BR |
| | § | |
| ANGIE'S TRANSPORTATION, LLC | § | |
| and MARK E. WADE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Partially Exclude Plaintiff's Non-Retained Experts.[1] (ECF 32). After considering the Motion, Brief and Appendix, Plaintiff's response, and Defendants' Amended Reply (ECF 33, 34, 41, and 46), the Court finds Plaintiff's non- retained expert disclosures are insufficient under Federal Rule of Civil Procedure 26(a)(2)(C). However, the deficiencies do not give rise to exclusion of those experts. *Erving v. Dallas Hous. Auth.*, No. 3:16-CV-1091-L, 2018 WL 4409797, at *15 (N.D. Tex. Sept. 17, 2018). Thus, the Court DENIES Defendants' motion.

### I.   BACKGROUND

This is a personal injury dispute alleging that Plaintiff's injuries, arising from a vehicular accident, are the result of Defendant Mark E.Wade's negligent operation of a tractor-trailer. Further, Plaintiff alleges Defendant Angie's Transportation LLC is vicariously liable for Defendant Mark E.Wade's negligence. Plaintiff has designated 12 medical providers as non-retained experts to testify about Plaintiff's diagnoses, the medical services provided to Plaintiff

---

[1] Although Defendants' Motion is titled as one to "partially exclude" Plaintiff's non-retained medical experts, the substance of the Motion and Brief speak in terms of complete exclusion. (ECF 32, 33).

1

and their opinions regarding Plaintiff's future medical care needs. Along with the disclosures, Plaintiff provided medical records totaling 540 pages. In the instant motion, Defendants contend that Plaintiff's disclosures concerning the non-retained health care providers are insufficient because they fail to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C) and applicable case law. Accordingly, Defendants move to exclude all of Plaintiff's non-retained experts from testifying at trial.

## II. LEGAL FRAMEWORK

At the outset, the Court notes that it has broad discretion in discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). This discretion is reflected within Rule 26 of the Federal Rules of Civil Procedure, which governs parties' duty to disclose throughout the course of discovery. Rule 26(a)(2) addresses the disclosure of expert testimony and notes differences in disclosure expectations between retained and non-retained expert witnesses: "Rule 26(a)(2) separates experts into two types: those who must provide an expert report under Rule 26(a)(2)(B) and those who are exempt from the expert report requirement under Rule 26(a)(2)(C)." *Erving v. Dallas Hous. Auth.*, No. 3:16-CV-1091-L, 2018 WL 4409797, at *13 (N.D. Tex. Sept. 17, 2018); *see also* Fed. R. Civ. P. 26(a)(2)(B)-(C).

Courts maintain discretion when determining the level of detail required in non-retained expert witness disclosures. And, because there is not controlling precedent outlining the level of detail required in a non-retained expert witness disclosure, courts are guided by "principles found in persuasive authority." *Erving,* 2018 WL 4409797, at *13. Though disclosures for non-retained expert witnesses must "state opinions, not merely topics of testimony," a court is to "take care against requiring undue detail." *Everett Fin., Inc. v. Primary Residential Mortg.*, Inc., No. 3:14-CV-1028-D, 2017 WL 90366, at *2 (N.D. Tex. Jan. 10, 2017) (cleaned up) (quoting Fed. R. Ev.

26(a)(2)(C) advisory committee's note.). Further, a court may find a summary satisfactory that is "an abstract, abridgement, or compendium of the opinion and facts supporting the opinion." *Id*. (cleaned up) (quoting *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015)).

Though Rule 26(a)(2)(C) is a "lower standard" regarding expectations of disclosures for non-retained experts compared to the disclosures of a retained expert witness under Rule 26(a)(2)(B), the "lower standard" is not fulfilled simply with conclusory statements, boilerplate statements, or relying on medical records as the substance of a disclosure. *See Tolan v. Cotton*, No. CIV.A. H-09-1324, 2015 WL 5332171, at *2 (S.D. Tex. Sept. 14, 2015); *see also Salas v. Transwood Logistics, Inc.*, No. 6:19-CV-101, 2021 WL 4483511, at *3–4 (S.D. Tex. July 7, 2021), *report and recommendation adopted*, No. 6:19-CV-00101, 2021 WL 4480746 (S.D. Tex. Sept. 30, 2021); *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *1 (W.D. Tex. Aug. 9, 2016). Within the lower standard, disclosures must still identify the non-retained medical expert and the treatment administered to the plaintiff. *See Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484. Further, the disclosures must contain, in brief, the main opinions of the expert and the "actual substance of their opinions and testimony" beyond conclusory statements. *Salas*, 2021 WL 4483511, at *3–4.

If disclosures fail to meet the requirements of Rule 26(a)(2)(C), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ.P. 37(c)(1). The exclusion "is not mandatory or automatic" and remains a matter of the court's discretion. *Erving,* 2018 WL 4409797, at *15. In exercising its discretion to determine whether to exclude expert testimony due to insufficient disclosure, courts are "guided by four factors: (1) the importance of the

evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id*. (cleaned up) (quoting *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)). Thus, courts have established porous parameters surrounding Rule 26(a)(2)(C) that provide ample discretion in determining the sufficiency of disclosures for non-retained expert witnesses.

### III.   ANALYSIS

For the reasons that follow, the Court finds that Plaintiff's expert disclosures are insufficient under Federal Rule of Civil Procedure 26(a)(2)(C). Specifically, Plaintiff's disclosures lack a summary of the medical providers' care and/or treatment, and the opinions provided are similar to boilerplate statements that do not present the substance of each medical provider's opinions. Additionally, any reliance upon referenced medical records is, for the most part, rejected by courts and deemed an insufficient substitution for a summary of facts and opinions. However, the four factors used to determine whether the Court should exclude the experts who are the subject of the disclosures weigh in Plaintiff's favor.

### A. The Plaintiff's Non-Retained Expert Testimony Disclosures Are Insufficient Under Federal Rule of Civil Procedure 26(a)(2)(C).

The first of Plaintiff's disclosures, for Dr. Benni, reads as follows:

> "Plaintiff's diagnoses, the medical services provided to Plaintiff, their necessity and the reasonableness of the charges associated with said services, the likelihood of Plaintiff needing future medical care, and the costs of said future medical care. Specifically, Dr. Benni is expected to testify that he has performed a radiofrequency ablation procedure on Mr. Ginder and that the procedure, in all reasonable medical probability, will need to be repeated every 9-12 months with an estimated cost of $2,207.00. These health care providers may also offer opinion testimony as to their differential diagnosis and the proximate cause of Plaintiff's injuries. Further, these health care providers may testify regarding Plaintiff's physical pain, mental anguish, physical impairment, disfigurement, and medical expenses Plaintiff suffered in the past, and the likelihood of such in the future . . . For documents reflecting the mental impressions and opinions of these health

4

> care providers, please refer to the witnesses' medical records. Heath care providers and/or their custodian of records will also testify regarding the authenticity of business records."

Plaintiff's other disclosures, as to the remaining 11 medical providers, offer less detail than does the one for Dr. Benni:

> "The subject matter upon which these health care providers will testify include Plaintiff's diagnoses, the medical services provided to Plaintiff, their necessity and the reasonableness of the charges associated with said services, the likelihood of Plaintiff needing future medical care, and the costs of said future medical care. These health care providers may also offer opinion testimony as to their differential diagnosis and the proximate cause of Plaintiff's injuries. Further, these health care providers may testify regarding Plaintiff's physical pain, mental anguish, physical impairment, disfigurement, and medical expenses Plaintiff suffered in the past, and the likelihood of such in the future . . . For documents reflecting the mental impressions and opinions of these health care providers, please refer to the witnesses' medical records. Heath care providers and/or their custodian of records will also testify regarding the authenticity of business records."

Plaintiff argues that the disclosures fulfill the general guiding principles courts apply, as the "disclosures are akin to an abstract in that they convey the main opinions upon which Plaintiff expects his non-retained treating doctors to testify." (ECF 41 at 4) (noting that Plaintiff then itemizes topics of anticipated testimony by the treating medical providers.). Defendants argue that Plaintiff's disclosures are topics of testimony that, sans for some variation within Dr. Benni's disclosure, do "not differentiate between medical providers in any way." (ECF 33 at 5-6).

1. **The disclosures lack a sufficient summary of the medical providers' care and treatment and are similar to boilerplate statements that do not provide sufficient substance regarding the opinion of each medical provider.**

In *Salas v. Transwood Logistics, Inc*, the disclosures of expert witnesses were deemed insufficient because the boilerplate statements used did not

> "identify when these physicians treated Plaintiff, what they treated Plaintiff for … provide any affidavits and/or specifically identify the relevant medical records related to each physician. …identify the actual substance of their opinions and testimony beyond the conclusory statement they will testify regarding Plaintiff's treatment and expenses and there is no summary of the facts or of the expected opinion testimony. (cite omitted) Plaintiff must

5

identify his treating physicians' opinions and conclusions and articulate specific facts and records supporting those opinions."
*Salas v. Transwood Logistics, Inc.*, No. 6:19-CV-101, 2021 WL 4483511, at *3–4 (S.D. Tex. July 7, 2021), report and recommendation adopted, No. 6:19-CV-00101, 2021 WL 4480746 (S.D. Tex. Sept. 30, 2021).

Thus, *Salas* reflects an expectation that although a court must take care against requiring undue detail, a moderate level of detail is still required.

Defendants echo this expectation, asserting that because Plaintiff "recites formulaic, generic, and repetitive topics" the disclosures do not provide a sufficient level of detail. (ECF 33 at 5). Plaintiff responds that because the disclosures contained an abstract addressing the range of topics about which the medical providers may testify, the disclosures are sufficient. As in *Salas*, Plaintiff's disclosures do not identify any particular details of the physicians, any summary of the physicians' treatment of Plaintiff, or any substance of the physicians' opinions and testimony. Consequently, the Court finds that Plaintiff did not sufficiently provide specific facts and opinions within each disclosure.

   2. **Medical records are, generally, not considered a sufficient substitution for a summary of facts and opinions.**

In *Williams v. State*, the disclosures consisted "solely of Plaintiff's medical records." 2015 WL 5438596, at *3–4 (M.D. La. Sept. 14, 2015). *Williams* found that though "[m]edical records undoubtedly touch on the subject matter of a treating physicians' testimony (citations omitted) …several district courts have rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify." *Id*. The court noted that though Rule 26(a)(2)(C) was a lower standard of disclosure than Rule 26(a)(2)(B), the "release of medical records as disclosure was not sufficient because the records did not adequately include the subject matter, facts, and opinions of the physician." *Id.* (cleaned up) (quoting *Schultz v. Ability Ins. Co.,* No. C11–1020, 2012 WL 5285777, at *2 (N.D.Iowa Oct.

25, 2012)). Like *Salas*, the *Williams* court found the disclosures insufficient because "the Plaintiff has failed to produce an actual summary of the facts and opinions to which the witness is expected to testify" and "a disclosure consisting of medical records alone is insufficient to satisfy the lower standard of Rule 26(a)(2)(C)." *Id.*

Here, Plaintiff's disclosures did not consist solely of medical records. However, the disclosures were substantively insufficient as to the summary of the subject matter, facts, and opinions of each physician. Plaintiff asserts that any seeming deficiency within his disclosures is made sufficient by the inclusion of Plaintiff's medical records that form the substance of the health care providers' testimony. (ECF 41 at 5). Guided by *Williams,* this Court responds in the negative: A deficient disclosure is treated like an absent one, and parties may not rest on medical records to circumvent the lower standard of Rule 26(a)(2)(C) as to non-retained experts. *See* 2015 WL 5438596, at *3–4 (M.D. La. Sept. 14, 2015).

**B.  The Four Applicable Factors Weigh in the Plaintiff's Favor.**

As Plaintiff's expert disclosures are insufficient under Rule 26(a)(2)(C), the Court now applies the four factors to determine whether to exclude those experts. *Erving v. Dallas Hous. Auth.*, No. 3:16-CV-1091-L, 2018 WL 4409797, at *15 (N.D. Tex. Sept. 17, 2018). Again, the four factors are "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id*. (cleaned up) (quoting *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

1.  **The Explanation for the Party's Failure to Disclose**

Plaintiff asserts that because there "is no controlling authority or guidance regarding the level of detail required," his disclosure is sufficient. (ECF 41 at 8). Though the Court disagrees with

Plaintiff's conclusion, the Court notes the lack of definitive guidance surrounding the requirements for a Rule 26(a)(2)(C) disclosure. This lack of definitive guidance combined with a court's discretion in making determinations of sufficiency can understandably result in varied interpretations of the Rule's requirements. *See* Discussion *supra* II. Thus, the Court accepts Plaintiff's explanation and weighs this factor in Plaintiff's favor.

2. The Importance of the Evidence

Both Plaintiff and Defendants are in agreement that this factor weighs in Plaintiff's favor. Defendants "do not contest that the testimony of Plaintiff's medical providers is likely important to Plaintiff's case." (ECF 32 at 7). Plaintiff claims that the testimony of all the treating medical providers is "central to his burden to prove causation and damages. Striking all…amounts to a death penalty sanction and ultimate dismissal of Plaintiff's case." (ECF 41 at 8). The Court finds that the testimony in question is important to Plaintiff's case and weighs this factor in Plaintiff's favor.

3. Prejudice to the Opposing Party of Including the Evidence *and* The Possibility of Curing Such Prejudice by Granting a Continuance

Defendants claim prejudice as allowing the evidence will cause an undue burden. Specifically, in order "to determine the potential opinions and underlying facts for each of the 12 medical providers, Defendants will have to comb through hundreds, if not thousands, of pages of medical records and/or depose each witness to obtain relevant information before proceeding with trial." (ECF 32 at 8). Fatal to this argument is that the medical records, presumably from all twelve providers, amount to a modest total of 540 pages. That number is well below the "thousands of pages of documents" Defendants raise as a concern. Plaintiff argues any prejudice can be cured as trial is not set until January of 2025. Thus, Plaintiff asserts he has time to remedy his "disclosures and give Defendants an opportunity to respond, take depositions, and conduct

any additional discovery they feel is necessary" as to Plaintiff's experts. (*Id.* at 9). Though the Court is cognizant of Defendants' concerns that additional time may cause delays and additional expenses to parties, some amount of reasonable delay is inherent and expected within the trial process. (ECF 33 at 8). Further, on September 17, 2024, the Court granted the parties' Second Joint Motion for Extension of Discovery Deadline. This agreed-upon extension moves the prior deadline of October 1, 2024 to complete discovery to November 30, 2024. (ECF 51). Within that motion, the parties noted that an extension of time was needed to depose additional witnesses, including Dr. Benni. (*Id.*). Consequently, the prejudice to the Defendants is cured by the approximately two-month extension to the discovery period. Therefore, the Court finds that these last two factors weigh in Plaintiff's favor.

Finally, the Court ORDERS Plaintiff to amend his expert disclosures **on or before October 4, 2024** regarding his 12 non-retained experts in order for those disclosures to meet the standards discussed herein.

## IV.   CONCLUSION

Accordingly, for the reasons explained, Defendants' Motion to Partially Exclude Plaintiff's Non-Retained Experts is DENIED, and Plaintiff must amend his non-retained expert disclosures.

IT IS SO ORDERED.

ENTERED September 20, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE